In the Matter of the Estate of JOHN SMITH, Deceased.

Surrogate's Court, Queens County, March 13, 1933.

*Rosedale & Cohen*, for the petitioner.

*Groh, McCourt & Tripp*, for Marguerite M. Smith, respondent.

HETHERINGTON, S.. Decedent died on May 24, 1930, leaving a last will and testament executed on February 16, 1930, which was duly admitted to probate on June 12, 1930. His widow, who was named sole exeeutrix and residuary legatee, died on May 17, 1932, leaving a will in which she appointed her daughter, Marguerite, executrix. The petitioner, a son of the decedent, claiming that certain property of his father not in excess of $2,000 was unadministered by his mother at the time of her death, applies for letters of administration with the will annexed. The application is resisted by his sister who denies the allegation that any property of the decedent remains unadministered. It is conceded that the disposition of the application depends upon the fact whether or not under the fourth paragraph of decedent's will, the petitioner receives any interest in his father's estate. The testator provided therein as follows:

"*Fourth.* I hereby give, and bequeath the assets of my business situate at 441-10th Avenue, Borough of Manhattan, City and State of New York, to my beloved wife, Margaret A. Smith, with the provision however that I give and bequeath the good will of said business and the right to continue the use of the name of John Smith in connection with the said business to my beloved son, John E. Smith.

" I do further provide that from the assets of the said business my said wife, Margaret A. Smith shall pay over to my beloved son John E. Smith, the sum of Two Thousand ($2000) Dollars to be used by him as capital in the business with the direction, however, that the said sum of Two Thousand ($2000) Dollars shall be repaid to my said wife, Margaret A. Smith in monthly payments, within a period of five (5) years from the date of my death."

It is reasonably plain that the decedent intended to make a specific bequest of the assets of his business to his wife, and of the good will thereof and the right to continue the use of his name in connection therewith to his son, the petitioner. The provision contained in the latter paragraph thereof, that his wife should pay

from the assets of his business to his son $2,000, cannot be construed as an outright gift or legacy, but merely a direction that she should advance the same to him from a particular fund as a loan which should be repaid to her as therein specified by the testator. No matter whether the provision contemplated a legacy or a loan, the payment over to the petitioner depended upon the existence of the designated fund at the time of decedent's death. It appears, however, that subsequent to the execution of the will, the petitioner and his father entered into an agreement in writing under the terms of which the latter turned over his plumbing business to his son and the sum of $2,000 as an outright gift which it was agreed was to be used in the conduct of the business. Provision was made for the payment of the debts against the business and it was expressly provided that the accounts receivable, amounting to $2,772.91, were to be collected by the petitioner and turned over to his father. In conformity with the agreement, petitioner received a bill of sale of the plumbing and heating business together with the good will thereof. It is quite evident from the agreement and the bill of sale that the decedent had disposed of his business and the good will thereof in his lifetime. He no longer was interested in the business which he attempted to dispose of by the fourth paragraph of his will. All that remained in the decedent at the time of his death was the right to receive the proceeds of the outstanding accounts which he had expressly reserved unto himself. As far as he was concerned, his interests in the plumbing business had ceased. I am, therefore, of the opinion that on account of the non-existence of the business at the time of decedent's death, the provisions of the fourth paragraph of his will never became effective and consequently the petitioner acquired no right or interest of any character in his father's estate. It might also be inferred that the decedent intended that the gift of $2,000 provided for in the agreement should take the place of the loan provision made in the will. In view of the petitioner's lack of interest, the application must be dismissed, and in arriving at this determination no consideration has been given to the affidavit of Marguerite M. Smith verified March 9, 1933.